## THYSON *v.* FOLEY.

JUDGMENT CREDITOR'S PROCEEDING; FRAUD.

In a proceeding to subject real estate in the name of a married woman to the payment of her husband's judgment debt, it appeared that the property was paid for largely, if not entirely, with the money and property of the husband : *Held*, That the property should be sold to satisfy the judgment debt.

No. 58.    Submitted June 14, 1893.—Decided September 21, 1893.

HEARING on appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a judgment creditor's bill.    *Reversed.*

THE FACTS are sufficiently stated in the opinion.

*Mr. Rutledge Willson* and *Mr. Charles A. Elliott* for the appellants.

*Mr. James Francis Smith* and *Mr. S. S. Henkle* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree dismissing the bill of the complainant, Parthenia Thyson, who as a judgment creditor of Patrick Foley, sought to subject to sale a certain lot in the city of Washington, the title to which had been taken in the name of Patrick's wife, Anne Foley, the principal defendant.

It appears that complainant recovered a judgment against Patrick Foley, March 18, 1880, in the Supreme Court of the District, for the sum of $420, with interest from May 15, 1876, upon several items of indebtedness, some of which accrued prior to the year 1874.    The return upon the execution issued on this judgment was *nulla bona*.    The property sought to be sold is lot 10, in square 424, referred to in the evidence as the "U street" property.    This lot was conveyed to Anne Foley by Alfred Toombs and wife, October 30, 1875,

and is subject to the lien of two notes, one of $3,600, and the other for $200, given by Essex Roberts, a former owner of the property, to defendant Thorn, which are secured by a trust deed to defendants Wallach and Matthews, trustees. Mary Heintzelman, made a party defendant by the amended bill, is the owner now of the $3,600 note.

Defendant Anne Foley claims that she was possessed of considerable money in her own name and right when she married Patrick Foley in 1862, which she kept in her own possession and control after the marriage. That in March, 1874, she purchased a lot on New Jersey avenue with part of this separate money, without the knowledge of her husband, and took the conveyance to herself. That she conveyed this lot in part payment for the lot in controversy, paying also $150 in money and assuming the lien for $3,800. That a house was in process of erection thereon when she purchased, which she caused to be completed. That the cash payment, as well as the cost of completion of the house, was made with her separate money, and that she had exclusive possession of the premises, and collected and held to her separate use the revenues thereof.

There is a great mass of testimony in the case, giving a history of the business dealings of the Foleys, Patrick and Mike, and their wives, Anne and Bridget, from the time of their beginning in Washington in 1864 to the time of the hearing. It would be an unprofitable consumption of time to undertake to review this testimony in detail, and we shall content ourselves with the statement of our conclusions therefrom.

1. It is unnecessary to pass upon the question raised on the argument, whether the proof shows that the separate property of Anne Foley passed into the possession and control of Patrick Foley before the passage of the "Married Women's Act" of April 10, 1869, in such manner as to vest the title thereto in him under the laws in force prior to that date.

2. Nor is it necessary to discuss the right of a husband, who is in debt, whether solvent or insolvent, to make pro-

vision for his wife through voluntary gift; because, under the pleadings and proof, the right of the defendant, Anne Foley, must stand entirely upon her claim that the property was purchased with her separate money, without the use of any money of her husband, and was conveyed to her separate use, without any concealed trust in favor of her husband.

3. Upon a careful consideration of the testimony, it does not appear to us that the property was paid for and improved with the separate funds of Anne Foley; but, on the contrary, that it was paid for largely, if not entirely, with money and property belonging to Patrick Foley, or in his apparent possession under a claim of ownership. In our opinion, the evidence shows a carefully planned scheme to hinder, delay and defraud the creditors of Patrick Foley.

4. The property described in the bill ought to be sold for the payment of complainant's judgments, with principal, interest, and all costs of suit, subject to the prior equities of the holders of the two notes secured by the deeds of trust to Wallach and Matthews, for the protection of which, provision should be made in the final decree.

The decree must be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*